[No. 16603. Department One. February 4, 1922.]

C. D. WILBERT, *Respondent,* v. SAMUEL O. STURGEON et al., *Appellants.*[1]

MUNICIPAL CORPORATIONS (379)—STREETS—NEGLIGENT USE—COLLISION AT CROSSING—LAW OF ROAD—VIOLATION OF ORDINANCE. Where a collision occurs between an automobile and a bicycle, both of which were proceeding on the wrong side of the street, the bicycle rider is not chargeable with contributory negligence, if he had been forced into that position in an effort to avoid the negligence of the driver of the automobile.

PLEADING (181)—VARIANCE—MATERIALITY TO ISSUE. A complaint alleging that a collision between vehicles occurred "about three feet from the curb, at the northwest corner" of two streets, while the proof showed the accident was some twenty feet north of that point, does not constitute a fatal variance, when there is no showing the defendant was misled by the pleading.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered December 28,

[1]Reported in 204 Pac. 185.

1921, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Affirmed.

*E. Eugene Davis* and *H. E. T. Herman,* for appellants.

*Hamblen & Gilbert,* for respondent.

FULLERTON, J.—In this action the respondent recovered against the appellants for personal injuries and for damages to his bicycle, caused, as he alleged, by the negligence of the appellants in driving their automobile over him while he was riding the bicycle on a public street of the city of Spokane. The action was tried in the court below without the intervention of a jury. The evidence was not brought up with the record, and the cause is before us on the findings of fact made by the trial court.

The findings show the following facts: Sprague avenue and Stevens street are public streets of the city of Spokane, the former extending east and west and the latter north and south, the streets intersecting each other at right angles. Prior to the accident, the appellants were driving their automobile east on Sprague avenue, and the respondent was riding his bicycle west thereon, each on his proper side of the street, and each approaching the intersection of the street with Stevens street. Both of the parties reached the intersection of the streets at about the same time. On reaching the intersection, the appellant turned his automobile to the north, intending to go north on Stevens street, and in doing so passed over the center of the intersection of the street, instead of circling around it to the right as the traffic ordinances of the city required. The respondent, on entering the intersection, passed straight across it until he had reached a point beyond its center, intend-

ing to turn south on Stevens street. As he was about
to make the turn, he observed the appellants' auto-
mobile heading towards him, and to escape it turned
and rode in a northwesterly direction until he was
within four feet of the curb at the northwest corner of
the intersection, when he turned north on the west
side of Stevens street and had proceeded for about
twenty feet, when he was overtaken and struck by the
appellants' automobile. The court further found that,
as the appellant was turning at the intersection, an
automobile which was standing on the east side of
Stevens street near its intersection with Sprague
avenue began backing from its position into the street,
and that the appellant turned towards the respondent
in order to avoid contact therewith. A further finding
was made to the effect that the respondent was not
guilty of contributory negligence.

The court concluded that the appellants were negli-
gent in that they had violated the traffic ordinance of
the city of Spokane by running over the center of
the intersection of the streets instead of circling
around it; that they were negligent in turning to the
west side of Stevens street instead of stopping when
the other automobile backed out from the curb; that
they were negligent in failing to stop their car, or so
control and restrain it as to refrain from running into
and over the respondent when they learned that the
respondent was ahead of the automobile; and that they
were negligent in that they did not have proper con-
trol of their automobile.

Arguing in support of their contention that the find-
ings do not support the conclusions, or the judgment
awarded, the appellants say:

"It must be seen that according to the court's find-
ings . . . that the conduct of plaintiff and de-

fendants, in so far as the operation of their vehicles on the streets of Spokane is concerned, was identical. Both swung their vehicles to the wrong side of Stevens street and the collision occurred there. But the findings show that the defendants had a lawful excuse for so doing, while the plaintiff had none. Defendants, according to the court's findings, swung their automobile to the west side of Stevens street to avoid being struck by an automobile backing out from the curb on the east side of Stevens street. Plaintiff rode his bicycle in a converging path to the place where (the driver of the automobile was heading) to avoid, to quote the court's words, 'the imminent danger in which he was thus placed'. But according to the court's own findings, and according to the plaintiffs' complaint, and according to all the testimony, the plaintiff was placed in no imminent danger from any source, certainly not from any act of defendants."

But we cannot think these just deductions from the record. Since the evidence is not before us, we cannot, of course, know what may be shown thereby. Nor do we find anything in the complaint that would lead to the conclusion that the respondent was at no time placed in imminent danger by the acts of the driver of the automobile. The complaint is less minute in detailing the circumstances giving rise to the accident than are the findings, but there is no substantial difference between them. Nor do we think the findings show that the situation of the parties, at the time of the accident, were identical. Both of the parties were on the wrong side of the street at that time, it is true, but the respondent was not there voluntarily or from choice; he was there to escape the peril that the appellants' primary violation of the city ordinance had placed him in—to escape the peril in which he was placed by the act of the driver of the automobile in crossing the intersection of its streets over its center

instead of circling around it. Unless the respondent, in thus being on the wrong side of the street, acted other than as an ordinarily prudent person would have acted under like or similar circumstances, he was not guilty of negligence, and manifestly it cannot be concluded that he did not so act, from the facts as found. On the other hand, no necessity compelled the driver of the appellants' automobile to be on that side of the street. If the backing automobile interfered with his direct course, it was his duty to slow up or stop until the course was clear before proceeding. He had no right to turn into the wrong side of the street, when by so doing he would put the respondent in danger.

Other objections are made to the sufficiency of the findings, but we do not think they require special consideration. In our opinion, the findings show negligence in the several particulars found by the court, and are plainly sufficient to support a judgment founded thereon.

It is further contended that there is a fatal variance between the facts constituting the negligence, as alleged in the complaint, and the facts constituting negligence as found by the court. The difference pointed out is that the respondent, in his complaint, did not correctly describe the position and course of the appellants' automobile immediately preceding the accident, and described the place of the collision as occurring "about three feet from the curb, at the northwest corner of said Sprague avenue and Stevens street," whereas the collision occurred, as found by the court, some twenty feet north of this point. But these, if variances at all, are not fatal variances. They were not of the substance of the issues. They could require reversal only in the case they misled the appel-

lants to their injury, and of this there is nothing in the record.

The judgment is affirmed.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ., concur.